OPINION
{¶ 1} A.G. is appealing the finding of the trial court that her son J.R. is a dependent child. She assigns two errors for our consideration:
 1. The trial court's finding that [J.R.] was a dependent child was based on insufficient evidence and/or was against the manifest weight of the evidence.
 2. The trial court's [sic] abused its discretion in limiting cross examination of an substance abuse expert witness (12/20/07 102-103) (10/24/08 decision page 10) and relying upon *Page 2 
unreliable evidence that [A.G.] came to court on 9/12/07 when she was impaired.
 {¶ 2} J.R.'s case began again on October 1, 2007 when a third complaint was filed in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. The complaint alleged that J.R., then age 3, was a dependent child because of misconduct of his mother, including the striking of a sibling with a belt and problems involving the abuse of prescription medication which had led to criminal convictions.
 {¶ 3} Temporary custody was initially granted to J.R.'s named father, N.R. A.G. was granted visitation rights but was ordered to provide samples for random drug screenings. Separate counsel was appointed to represent both A.G. and N.R. A guardian ad litem was also appointed.
 {¶ 4} Franklin County Children Services ("FCCS") filed a motion asking that custody of J.R. be changed because N.R. had told FCCS that he was unable to continue to care for J.R. due to his job responsibilities. The motion was ultimately sustained on October 23, 2007.
 {¶ 5} The case was continued on a number of occasions due to necessary personnel being in other trials in the juvenile court. A full hearing was held on December 20 and 21, 2007, at which time the magistrate assigned to the case found J.R. to be a dependent child. The court granted temporary custody to FCCS and granted supervised visitation to A.G. and N.R.
 {¶ 6} Counsel for A.G. filed objections to the magistrate's decision and requested that transcripts of the court proceedings be prepared. Counsel subsequently filed supplemental objections to the magistrate's decision. *Page 3 
 {¶ 7} On October 24, 2008, the trial judge assigned to the case overruled the objections via a 19-page decision and entry. This appeal followed.
 {¶ 8} Addressing the first assignment of error, the evidence clearly supported the trial court's factual findings. J.R.'s biological father is in prison. J.R.'s "named" father had no daycare available and took the child to construction sites when temporarily in custody of the child. The trial court justifiably felt the father could not exercise the supervision needed for an active preschooler.
 {¶ 9} A.G. demonstrated at open court proceedings that she has an on-going problem with prescription medications. The magistrate noted:
 Most telling, however, was mother's demeanor in the courtroom throughout the trial. Numerous witnesses testified that mother would take her painkillers and would become so lethargic, not focused, and somewhat disoriented to the point that she would be unable to supervise and care for an active 3 year old, as is [J.R.]. During mother's testimony, which spanned several days, the Court observed this exact behavior. During the course of answering questions mother often became increasingly drowsy, her speech became slurred and she was not focused and began having trouble comprehending the questions and answering them. In that state she clearly could not parent an active toddler. During mother's testimony when a five minute break was called mother left and did not reappear when the trial resumed, causing the court to interrupt her testimony with other witnesses so the trial could continue. Mother showed up later and when she finally retook the witness stand her demeanor had significantly changed from earlier in the afternoon. She was not coherent and was unable to be understood clearly due to her slurred speech and inability to focus on the questions.
 Mother also has housing problems. Mother was evicted from her home on Brown Road for non-payment of rent. She has had the gas shut off since last spring, also. Mother currently stays with her mother as she does not have housing of her own. *Page 4 
(Magistrate's findings of fact and conclusions of law, Jan. 17, 1008.)
 {¶ 10} If A.G. could not show up for court clean and sober, inability to be clean and sober while trying to care for a preschooler was clear. The trial court really had no choice but to attempt to place J.R. in a safe environment.
 {¶ 11} The first assignment of error is overruled.
 {¶ 12} The second assignment of error alleges an improper reliance upon evidence of a lack of sobriety of A.G. at other court hearings and an improper curtailing of the cross-examination of an expert who recommended residential substance abuse treatment for A.G.
 {¶ 13} As indicated in the excerpt from the magistrate's decision set forth above, the magistrate relied upon her personal observations of A.G.'s impairment in court. The magistrate did not need to rely on allegations of impairment at other times. A.G. proved she had a drug problem during the proceedings in open court.
 {¶ 14} The fact an expert who was asked to help decide how to address A.G.'s drug problem reached the conclusion that A.G. needed serious intervention was really of secondary importance under the circumstances. Cross-examination of an expert could not undo what the magistrate saw with her own eyes.
 {¶ 15} The second assignment of error has no merit and hence is overruled.
 {¶ 16} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
KLATT and CONNOR, JJ., concur. *Page 1